Barnes *v.* The Union Mutual Fire Insurance Co.    •

———◆———

NATHAN BARNES *versus* THE UNION MUT. FIRE INS. CO.

When a policy of insurance was to be void if there should be any alienation or change in the title, any material change, though not by alienation, will have that effect.

*Thus,* where the plaintiff obtained insurance on an undivided half of a dwellinghouse, and afterwards, on the petition of his co-tenant, partition was made on judgment rendered therefor, *it was held* to be equivalent to an alienation and a purchase.

The policy being void as to the building, the plaintiff could not recover for loss of furniture insured thereby. The contract being indivisible, was wholly void, if void in part.

REPORTED from *Nisi Prius* by DAVIS, J.

This was an action on a policy of insurance, to recover for loss insured against.

*F. O. J. Smith*, for the plaintiff.

*T. M. Hayes*, for the defendants.

The facts in the case, bearing on the questions considered, are fully indicated in the opinion of the Court, which was drawn up by

DAVIS, J. — The plaintiff applied for insurance on " one half, in common and undivided," of certain buildings, and household furniture therein. In answer to the question, " who owns and occupies the buildings," he answered, " the applicant owns and occupies the property." A fair construction of this representation of title is, that the applicant was the owner of an undivided half of the property described, and the sole owner of the *property to be insured*. This representation was true.

The by-laws of the company are expressly made a part of the policy, as conditions of the insurance. By the sixteenth article, it is provided that, " when the title of any property insured *shall be changed*, by sale, mortgage, or *otherwise*, the policy shall thereupon be void."

The insurance in this case was for six years. The policy. was dated Nov. 15, 1851. Upon a petition for partition, duly prosecuted by the other tenant in common, upon which judgment was rendered Jan. 20, 1857, the premises were divided, and the plaintiff became the owner of a particular half thereof, in severalty. The buildings were destroyed by fire, April 1, 1857.

The partition of the property may not have been an *alienation*, as understood in matters of insurance. But when a by-law provides that any alteration or change in the title shall make the policy void, any material change in the title will have that effect, though it is not by an alienation. *Edmands* v. *Mutual Safety Fire Ins. Co.*, 1 Allen, 311; *Campbell* v. *Hamilton Mutual Ins. Co.*, *ante*, *p.* 69.

The title, in the case at bar, was materially changed by the partition. The effect was equivalent to an alienation, and a purchase. The plaintiff no longer owned any interest in the entire property, while he did own the entire interest in a part of it. It was the same as if he had given his co-tenant a deed of his interest in a specific part, and had received from him such a deed of the other part. His title no longer corresponded with the policy, in nature or quantity. He insured but one undivided half of *the part which he owned after it was divided*. And, after the division, he owned no part of the *other half*. If he could recover at all, which he cannot do, it would be for only *one-fourth* part of the whole, — or, for an undivided half of the part which he continued to own after the partition.

The furniture was separately valued in the policy; and it is claimed that the plaintiff is entitled to recover for the loss of that, if he fails to recover for the loss of the buildings. But the provision in the by-laws is that, if the title

is changed, *the policy* shall be void. And besides, it has been decided by this Court, that such a contract of insurance is indivisible, and, if rendered void by the assured in any of the items of property insured, the whole policy is void. *Lovejoy* v. *Augusta M. F. Ins. Co.*, 45 Maine, 472 ; *Gould* v. *York County Mut. Fire Ins. Co.*, 47 Maine, 403 ; *Day* v. *Charter Oak Ins. Co.*, ante, *p.* 91.

*Plaintiff nonsuit.*

APPLETON, C. J., KENT, WALTON and DICKERSON, JJ., concurred.

(KENT, J., held that the representation of the plaintiff, as to occupancy of the building, was either a misstatement or a concealment of a material fact.)