BALDWIN *v.* HARTFORD FIRE INS. CO.

An alienation by the insured, without notice, of one of several parcels of real estate covered by a fire policy containing a stipulation against alienation, avoids the policy as to property not alienated, unless the court can say as matter of law that the risk of the remaining property is not increased.

ASSUMPSIT, on a policy of insurance.    Facts agreed.    The plaintiff, owning a tract of land adjoining land owned by his wife, built a house and out-buildings partly upon his own and partly upon his wife's land, and procured a policy of insurance in the defendant company for $1000 on the house, $300 on the barn, and $100 on the carriage-house.    The premises were destroyed by fire Oct. 27, 1877. In June, 1877, the plaintiff conveyed the tract of land owned by him to his daughter, and she conveyed it to her mother, the wife of the plaintiff, as stated in *Baldwin* v. *Phœnix Ins. Co.*, *ante* 164.    No notice was given to the defendants of the conveyances.    The barn was on the wife's land, and was worth more than $300, the sum insured.    The house and carriage-house were on the lot conveyed by the plaintiff to his daughter.    The policy contains the following : " If any change takes place in the title or possession of the property, whether by sale, transfer, or conveyance, legal process or judicial decree * * *, then, and in every such case, this policy shall be void."

*W. & H. Heywood*, for the plaintiff.

*S. C. Eastman*, for the defendants.

CLARK, J.    It was decided in *Baldwin* v. *Phœnix Ins. Co.*, *ante* 164, that the conveyance of his land by the plaintiff to his daughter, and by her to her mother, was a change in the title of the property such as avoided a policy containing a provision against alienation.    By reason of the change of title the plaintiff cannot recover the insurance upon the house and carriage-house.

It is suggested that the plaintiff had an insurable interest in this property at the time of the loss as occupant and tenant by the curtesy, because the daughter immediately conveyed the premises to the wife of the plaintiff.    But even if the plaintiff had an insurable interest at the time of the fire, the conveyance to the daughter, and from the daughter to the wife, was a change of title that defeats the plaintiff's right of recovery upon this policy, which contains a stipulation that any change of title shall render the policy void.    The question is not whether there still remained an insurable interest in the plaintiff, but whether the plaintiff can recover under this policy.    By the express terms of his contract, the plaintiff agreed that he should have no right of action for property conveyed without notice to the defendants; and the law does not annul or alter his contract.    *Atherton* v. *Ins. Co.*, 109 Mass. 32; *Edmands* v. *Ins. Co.*, 1 Allen 311; *Barnes* v. *Ins. Co.*, 51 Me. 110.

As to the barn, there appears to have been no change of title. It stood upon land of the plaintiff's wife when the policy was issued and when the loss occurred, and no claim is made by the defendants that the title was not originally correctly described.    We

understand that all objections to the description of the title to the barn are waived. This presents the question, whether the alienation by the insured of one of several parcels of real estate separately valued in the same policy, containing a provision against alienation, avoids the policy as to the parcels not alienated. Upon this point the authorities are not agreed. May Ins., *ss.* 277, 278 ; *Clark* v. *Ins. Co.*, 6 Cush. 342 ; *Kimball* v. *Ins. Co.*, 8 Gray 33 ; *Lee* v. *Ins. Co.*, 3 Gray 583, 594 ; *Friesmuth* v. *Ins. Co.*, 10 Cush. 587 ; *Gould* v. *Ins. Co.*, 47 Me. 403 ; *Barnes* v. *Ins. Co.*, 51 Me. 110 ; *Ins. Co.* v. *Spankneble*, 52 Ill. 53 ; *Quarrier* v. *Ins. Co.*, 10 W. Va. 507 ; *Merrill* v. *Ins. Co.*, 73 N. Y. 452.

Without considering the question whether the contract of insurance in this case is to be regarded as entire and indivisible because a gross sum is insured for a single and entire consideration *(Plath* v. *Ins. Co.*, 23 Minn. 479), or as severable and divisible because the amount of insurance is apportioned upon separate and distinct items of property covered by the policy *(Merrill* v. *Ins. Co.*, 73 N. Y. 452), let us apply the ordinary rules for the interpretation of contracts to this policy. In the construction of contracts the intention of the parties must govern, the subject-matter of the agreement is to be considered, and that interpretation adopted which will give effect to such intention. The object of the stipulation in a policy of insurance against a sale of the property insured is apparent. It is obviously based upon the idea that the risk and hazard of loss may be increased by a change of ownership. All men are not equally prudent and cautious in the care of their property. The insurers may be willing to insure the property of A at a certain rate, when they would not insure the same property for B at any rate, nor insure it for A if B was owner of other property so situated as to affect the hazard of A's property. The stipulation being a reasonable one which the insurers have a right to make, and its object being to protect the property insured from increased risk, should be so construed as to give effect to the intention of the parties. If the court can say as matter of law that the alienation of one piece of property does not increase the risk of other property covered by the same policy, then the reason of the condition ceasing, the condition itself may be disregarded. But unless the court can say as matter of law that the risk is not increased, a reasonable interpretation of the contract requires that the stipulation shall be so construed as to give effect to the intention of the parties, and afford that protection against increased hazard which it was designed to secure. Another general and elementary rule in the construction of contracts is, that words are to be understood in their ordinary and popular sense, except in those cases in which the words used have acquired by usage a peculiar sense different from the ordinary and popular one. In this case no words are used which have acquired by usage a different signification from the ordinary and popular one ; and if the lan-

guage is to be understood in its ordinary and popular sense, the conclusion is irresistible that the sale, transfer, or conveyance of the property insured renders the policy void, not merely as to the property alienated, but void as to the whole property insured. Another rule of interpretation is, that the terms of a contract are to be understood so as to have an actual and legal operation, and the construction is to be such that the whole instrument or contract and every part of it may take effect, if it be possible consistently with the rules of law and the intention of the parties. The application of this rule of construction leads to the same result. If the stipulation in the policy relating to the alienation of the property insured is to be limited and made applicable only to the property alienated, it is meaningless and superfluous. The contract of insurance is a contract of indemnity to the person and not to the thing insured. It does not run with the subject-matter of insurance, and pass as an incident by any assignment or conveyance of it; and therefore a sale, transfer, or conveyance of any part of the property insured renders the policy void as to the property sold or conveyed without any stipulation in the policy prohibiting alienation. To give any legal effect to the conditions in the policy before us relating to the sale, transfer, or conveyance of the property, it must be construed and understood to mean what the language imports, that a sale, transfer, or conveyance of the property renders the policy void.

*Judgment for the defendant.*

STANLEY, J., did not sit: BLODGETT, J., dissented on the last point: the others concurred.