Hillsborough, }
March 2, 1937. }

CONTINENTAL CASUALTY CO. *v.* LAURA BUXTON *& a.*

*Devine & Tobin* (*Mr. Tobin* orally), for the plaintiff.

*Albert J. Lemieux* and *Osgood & Osgood* (*Mr. Clinton S. Osgood* orally), for the defendants.

MARBLE, J.  On January 17, 1932, the defendant Laura Buxton, while riding in an automobile was injured by the alleged negligence of the driver Harry Buxton, who had hired the car from the Hertz Driv-Ur-Self Sales Corporation of Manchester.  The plaintiff had issued to this corporation a liability insurance policy in which was incorporated by indorsement the provisions of Laws 1927, c. 54.  The policy contained the following provision: "This policy does not cover . . . any liability of the Renter or Driver in respect of injuries . . . sustained by any person while riding in or alighting from, or getting into or upon any of the automobiles insured hereunder."

Although the "Motor Vehicle Liability Policy" prescribed by chapter 54 is defined in section 1, paragraph II, as a policy which must provide indemnity to the insured and to any person operating the car with the insured's express or implied consent "against loss by reason of liability to pay damages to others" for injuries accidentally sustained "by any person" other than employees of the insured who are entitled to benefits under the workmen's compensation act, this definition is to be read in connection with section 6, which provides that the Insurance Commissioner "shall approve a form of policy which contains," among other things, "the limits of liability."  This section has been interpreted to mean that the commissioner may approve the issuance of a policy as conforming to the requirements of chapter 54 in which "special uses calling for special rates" are excluded from coverage.  *Raymond* v. *Company*, 86 N. H. 93, 101.

From this it should not be inferred, however, that a certificate attesting the issuance of such a policy may, as the plaintiff seems to contend, be accepted by the court "as sufficient security," within the meaning of section 4, for a liability arising out of any such special use.  For although "The legislation did not contemplate full protection" (*Raymond* v. *Company, supra*), its purpose was to induce motor-vehicle operators to provide security to persons injured by their negligence (*American Mut. &c. Ins. Co.* v. *Company*, 87 N. H. 374, 376; *American Motorists &c. Ins. Co.* v. *Rush, ante*, 383), and the only form of policy which will, in all cases, secure to an assured immunity from what the plaintiff terms "the drastic provisions" of section 3 (the furnishing of security on penalty of suspension of license

and registration) is a policy which embraces the broad coverage of the motor vehicle liability policy described in section 1, paragraph II.

The exclusion in the present case does not deprive the general public of the protection afforded by the extension of indemnity to one who is responsible for the operation of an automobile with the owner's express or implied consent, but merely excepts from coverage the liability of the renter or driver of the car for injuries occasioned a special class of persons; namely, his passenger-guests. This limit of liability, if approved by the commissioner, is valid, but since there is nothing in the record to indicate whether such approval has or has not been obtained, no judgment can be rendered herein until this fact has first been determined by the trial court.

If the commissioner has not approved the exclusion as a proper limit of liability under the authority conferred on him by section 6, such exclusion is contrary to the provisions of chapter 54 and is therefore void.

*Case discharged.*

All concurred.