### Shelby Mutual Plate Glass & Casualty Co.

*v.*

### William J. Lynch & a.

### Travelers Insurance Co. *v.* Same.

*Demond, Woodworth, Sulloway, Piper & Jones* (*Mr. Piper* orally), for Shelby.

*Wyman, Starr, Booth, Wadleigh & Langdell* (*Mr. Booth* orally), for Travelers.

*Murchie, Murchie & Blandin,* for the defendant Pickette.

ALLEN, C. J. Upon the issue whether the Shelby policy furnished limited insurance for liability of the named insured for injuries to his employees incurred in the operation of his motor vehicles, argument is advanced for Travelers that the policy contains no effective provision for such limitation. It is asserted that the exclusionary clause is nullified by the effect of the endorsement setting forth the statutory terms of a standard motor vehicle policy. One of the terms is that the insurance shall be available for any injured person except employees of the named insured entitled to workman's compensation benefits. It is urged that a policy excluding other employees from its protection is not a valid limitation of a standard policy, and it is also urged that even if it might be, the policy here should be construed to give the endorsement superseding effect over the exclusionary clause.

To adopt this argument would be virtually to overrule *Continental Casualty Co.* v. *Buxton,* 88 N. H. 447. The argument lacks force to weaken or doubt its authority. In that case it was held that a clause in a standard policy bearing the statutory endorsement and which excluded a special class of persons from the coverage of the policy was a valid limit of liability, for which the Insurance Commissioner might give his approval. In that case the "special class of persons" were the passenger-guests of the renters of the named assured's automobiles. Here the class are his employees. As there, the exclusion "does not deprive the general public of the protection afforded by the extension of indemnity to one who is responsible for the operation of an automobile with the owner's express or implied consent" (*Ib.* 449), and no good reason has been offered for holding that the Insurance Commissioner may not approve it. The law has adopted no policy to require an employer to insure his employees, and the legislature has indicated no purpose that the commissioner's authority to fix the limits of liability for a standard policy should not be broad enough to permit the exclusion of all employees. The statute, expressly permitting the exception of employees entitled to

workman's compensation benefits, discloses no order that the commissioner, in his discretion to allow modified applications of a policy, may not permit the exclusion of other employees. The master and servant relation extends to motor vehicle uses, and the master having no general obligation to insure the servant, the special requirement to insure in respect to such uses is reasonably one that may be waived in administrative judgment.

As in the *Continental Insurance Co.* case, the usual rules of construction that effect is to be given to all the clauses of a contract if it reasonably may be and that a special clause qualifies a general one (*Baldwin* v. *Insurance Co.*, 60 N. H. 422, 425; *Yeaton* v. *Haines*, 43 N. H. 26, 29) are to be employed. "It is unreasonable to assume, except from necessity, that language used by parties in a written contract was not intended to express an intelligible idea, or that they employed language having no application or reference to the subject-matter of the contract." *Marsh* v. *Insurance Co.*, 71 N. H. 253, 256.

Travelers takes the further position that the Insurance Commissioner did not approve the form of the Shelby policy. It has been found that he did, but the finding is attacked on the claim that the evidence is conclusively to the contrary. It is argued that he approved the policy only on the condition that the statutory endorsement be affixed to it as a rider and that therefore the condition amounted to an approval only if the terms of the statute were to be a part of the policy without modification. Conceding that the construction of the policy is a justiciable issue, counsel say that the policy, if construed to keep alive the exclusionary clause, was of a form unapproved.

The argument is faulty in its assumption that insistence on the attachment to the policy of the statutory endorsement was a ruling that no modification of the terms was granted. Counsel say that "the endorsement was intended to control." But the endorsement was subject, by the statute, to modification, and the conclusion that because it was required to be a rider to the policy, its terms were unmodified, is illogical. It does not appear with any conclusiveness that the commissioner understood that the exclusionary clause was suppressed by the rider and rendered ineffective by it. But if it did, the ordinary rule that acts and words must be given their reasonable meaning, instead of their meaning to the actor or speaker, governs. It definitely appears that the form of policy issued by Shelby was approved. If it had meaning and effect which was unintended or different from that intended, the mistake was not

in doing what was done, which was intended and unconditional, but in properly appreciating the meaning and effect of what was done. The approval was not on the condition that the form of the policy receive a certain meaning and be given a certain effect, but at most was of a form which did not accurately express the commissioner's undisclosed thought and purpose. His approval, with the rider attached, was unqualified. If he erroneously construed it, the error was not a disapproval of the policy. To deny to his conduct its reasonable significances would be to create an exception to a rule of law which is fundamental in dealing with human interrelations. Unintended results do not transform intentional conduct into conduct dependent upon the results.

The record does not show the exact terms in which the commissioner's approval was expressed, but the only reasonable inference is that it was in the form of an official order with no stated conditions or qualifications. The insurer receiving the approval was entitled to take it at its face value. It was a transaction between parties, and the rule is to be invoked that "in a purely bilateral transaction, the private sense of one party cannot be imposed upon the other party." (4 Wig. Ev., (1st *ed.*) s. 2461). *Smart* v. *Huckins*, 82 N. H. 342, 348; *McConnell* v. *Lamontagne*, 82 N. H. 423, 425; *Stevens* v. *Insurance Co.*, 84 N. H. 275, 278; *Newmarket Mfg. Co.* v. *Nottingham*, 86 N. H. 321, 324.

The conclusion that the Shelby policy contained an effective clause of exclusion and was duly approved in its form, renders decision of other features of the case uncalled for.

*Exceptions overruled.*

BRANCH, J., was absent: the others concurred.