Strafford,
May 6, 1941. } No. 3235.

CONTINENTAL INSURANCE CO. *v.* OMER J. CHAREST *& a.*

*Devine & Tobin*, by brief, for the plaintiff.

*William H. Sleeper*, by brief, for the excepting defendant.

ALLEN, C. J. A preliminary inquiry is presented whether answer to the issue tried by the jury is in any respect determinative of the plaintiff's liability to pay up to the policy limit any judgment which Verville may obtain against Charest. If the plaintiff is thus liable, its ensuing rights of indemnity may not be decided in this proceeding. Until it pays the possible judgment against Charest, it will have no claim for indemnity. The issue tried was submitted at Charest's request as one which might or might not be decisive of the plaintiff's liability, and the defendants are not precluded from asserting the immateriality of the issue in this proceeding.

The motor vehicle insurance act (Laws 1937, *c.* 161) contains a provision that policies issued under it shall be subject to this condition: "No statement made by the insured or on his behalf, and no violation of the terms of the policy, shall operate to defeat or avoid the policy so as to bar recovery within the limit provided in the policy" (*Ib.*, *s.* 17, III. This reënacts the prior law. Laws 1927, *c.* 54, *s.* 6, III. The 1937 act forbids the issuance of a policy not conforming with the requirements of the act and directs the Insur-

ance Commissioner to approve only conforming forms of policies (*Ib.*, *s.* 19). The policy prescribed by the act provides for indemnity for the insured's liability incurred within the United States or Canada (*Ib.*, *s.* 1, vii).

While the act permits the Commissioner to approve policy forms defining the limits of liability in exclusion from the benefits of the policy of "a special class or a special use calling for special rates" (*Merchants &c. Co.* v. *Egan, ante* 368), he may not approve terms "inconsistent with the statute" (*Ib.*). The authority given by the 1927 act for the Commissioner's approval of policy forms was not abridged or modified by the 1937 act. *United States &c. Co.* v. *Snierson, ante,* 363.

The clause in the act that nothing said by the insured or done by him in violation of the terms of the policy is intended to protect persons to whom he may become liable. It designs that the insurer shall not be relieved from its obligation to answer for the insured's liability by conduct of the insured taking away his own rights under the policy. The loss of his right to be indemnified is not to result in the loss of the policy's protection for those he injures. The policy is a promise to anyone injured to pay up to the policy limit for the insured's liability, and the promise is not dependent upon performance by the insured of his agreements with the insurer. The breach of the insured's agreement places him under liability to the insurer, but with no effect upon those he injures. If in breach of his agreement to aid and coöperate with the insurer he indirectly or directly aids or coöperates with those claiming his liability to them, it may be evidence bearing on the issue of liability, but the breach has no efficacy to defeat the insurer's duty to answer for such liability of the insured as may be established.

The clause is one in respect to which the Insurance Commissioner has no discretionary authority. " . . . he has no power to approve conditions which reduce either the extent or the duration of an obligation which the statute specifically imposes." *Merchants &c. Co.* v. *Egan, supra.* The act requires the insurer to assume liability upon its terms, and renders void any inconsistent terms of the policy. What is here involved is not a limit of liability in special classifications of persons and use in appropriate cases, which the act permits, but a limitation in avoidance of a liability, which the act does not permit. Proper exclusions do not contravene the act, while an undertaking to relieve from its demands would be an attempted amendment of it. The exclusions do "not deprive the general public of the

protection afforded by the extension of indemnity" to the wrongdoer (*Continental Casualty Co.* v. *Buxton*, 88 N. H. 447, 449), while the allowance of a forbidden defence would have that result.

The act requires the insurance to extend to liability incurred anywhere in this country and Canada. As a matter of the general welfare, the purpose of the requirement that liability beyond that locally incurred shall be covered by the insurance, is not readily perceived. The statutory order, however, is explicit in its demand for such coverage in all policies. It relates to extent of liability, and approval to limit the territory of coverage is barred as much as is approval to reduce the minimum amounts of liability prescribed. Conceding that the State has no valid interest to protect more than its own "general public," yet motor vehicle use of its highways is a privilege which may be granted on such terms and conditions as the State at its pleasure may offer, regardless of their reasonableness if equality in the bestowal of the privilege is observed. *Opinion of the Justices*, 81 N. H. 566; *Rosenblum* v. *Griffin*, 89 N. H. 314, 319. It follows that the State may determine the conditions of the insurance required to avoid the consequences of not having insurance, and may forbid insurance without such conditions as it may see fit to impose. The State's regulatory control of insurance companies authorizes the prohibition of other insurance by them, as a means of enforcing the conditions upon which the privilege of motor vehicle use of local highways may be enjoyed. "The contention of the plaintiffs, that having been permitted to do insurance business in the state they have the constitutional right to make a contract which the statute of the state forbids, in effect is a claim that they may make such contracts as they please, and if sound would practically nullify all the insurance legislation of the state." *Boston Ice Co.* v. *Railroad*, 77 N. H. 6, 13. Accordingly, insurance companies which may do a motor vehicle insurance business in the State are barred from issuing insurance inconsistent with that prescribed by statute. It would modify the extent of the insurance if the policy issued by the plaintiff as one of a statutory character covered only liability locally incurred, and as the Commissioner has no authority to approve any modification in this respect, the provision limiting the territorial range of application must be held void.

The case of *Glens Falls &c. Co.* v. *Keliher*, 88 N. H. 253, is here of no bearing. The controversy in that case related to a Massachusetts policy, and the clause for the insured's aid and coöperation was uncontrolled by any statutory regulation.

In result, the issue submitted to the jury becomes immaterial in this proceeding, and the exception upon which the case is transferred need not be passed upon.

*Case discharged.*

*Burque*, J., did not sit: the others concurred.