[File No. 6794]

ALL AMERICAN BENEVOLENT SOCIETY, a Corporation, Appellant, v. OSCAR E. ERICKSON, Commissioner of Insurance of the State of North Dakota, Respondent.

(3 NW(2d) 820)

Opinion filed March 28, 1942

*Leigh J. Monson,* for appellant.

*Alvin C. Strutz,* Attorney General, and *Clifford Jansonius,* Assistant Attorney General, for respondent.

PER CURIAM. The plaintiff is an Assessment Benevolent Society organized under the provisions of chapter 145, Laws of North Dakota 1937. Plaintiff desired to form a unit of the Society which was to be composed entirely of men in the military and naval service of the

United States. Accordingly it prepared a form of application and a proposed benefit certificate which it forwarded to the defendant Commissioner of Insurance for his approval as to form. The Commissioner refused to approve the proposed certificate and plaintiff commenced this proceeding seeking a writ of mandamus directing the Commissioner to give his approval. An alternative writ of mandamus was issued by the district court of Cass county and at the hearing thereon the district court made its order quashing the alternative writ and denying a peremptory writ. Plaintiff has appealed from that order.

The difference between the Commissioner and the Society arose out of construction of § 8 of chapter 145, supra, as amended by chapter 154, Laws of North Dakota 1939. That section provides: "The certificate of membership together with the application therefor shall constitute the entire contract, and shall be incontestable after one (1) year from its date of issue, except for fraud, non-payment of assessments or military or naval service in time of war. . . ." The benefit certificate presented to the Commissioner for approval provided that it would be incontestable after one year, except for fraud or nonpayment of premiums. It contained no reference to military or naval service in time of war. The Commissioner contended and contends on this appeal that § 8, supra, contains a statutory incontestable clause and that no part thereof may be waived by the Society. In all other respects the proposed certificate was approved. The Society contends that § 8, supra, while it permits the society to restrict its risk with respect to the lives of persons who are engaged in military or naval service in time of war, does not prohibit the society from assuming such a risk.

Section 7 of chapter 145, supra, provides: "The certificate, together with the application therefor must be approved as to form by the Commissioner of Insurance prior to its issuance." We have no doubt but that the power to approve as to form which the legislature has vested in the Commissioner includes among other things the right to determine whether or not the proposed certificate conforms to statutory requirements. Ætna L. Ins. Co. v. Hardison, 199 Mass 181, 85 NE 407; Shelby Mut. P. G. & Casualty Co. v. Lynch, 89 NH 510, 2 A(2d) 307, 119 ALR 874; 29 Am Jur 63, Insurance, § 25. The sole question

therefore is, was the Commissioner correct in his conclusion that petitioner's proposals were in violation of the statute?

In addition to § 8, two other sections of chapter 145, supra, have a direct bearing upon the propriety of the Commissioner's ruling. They are §§ 5 and 17. Section 5 relates to the classification of membership in benevolent societies. In so far as it is applicable it reads: "Such society may provide for classification of its membership by one or more units, based on the age of individual members, or by the adoption of a maximum limit of one group or unit."

Section 17 provides: "No benefits on the voluntary contribution plan shall be provided for by any society except as herein stated."

It is clear from the section last quoted that the legislature intended that benevolent societies should render literal compliance with every section of chapter 145, supra, as a condition of their right to do business. In effect it declares that the rule of "express mention and implied exclusion" shall be applied in its construction. This being true the privileges granted to assessment societies by the statute must also be construed as limitations. The grant of the right to classify membership upon the basis of age and the statutory declaration as to grounds of incontestability must therefore be held to prohibit the classification of membership upon any basis other than that of age and to forbid an incontestible clause which either omits grounds stated in the statute or adds grounds not stated.

The application and certificate of membership which are involved in this case attempt to change the statutory incontestable clause by leaving out the phrase "or military or naval service in time of war," and to expand the provisions relating to classification of membership by creating a classification other than on the basis of age. The disapproval by the Insurance Commissioner of petitioner's proposed certificate was therefore proper and the order of the district court is accordingly affirmed.

BURR, Ch. J., and BURKE, NUESSLE, MORRIS, and CHRISTIANSON, JJ., concur.