AMERICAN EMPLOYERS INSURANCE CO. *v.* ROLAND WORDEN *& a.*

*Sewall, Varney & Hartnett*, by brief, for the plaintiff.

*Hughes & Burns*, by brief, for the injured employee.

The employer and the employee driver entered no appearances.

ALLEN, C. J.   The contention that the defendant who has brought suit is an insured within the provisions of the policy is met by the specific provision that such a person is not to be defined as insured.

Answer to the question accordingly depends upon the construction of the act (Laws 1937, *c.* 161, *s.* 16) providing that no motor vehicle liability policy shall be issued unless its form shall meet the requirements of the act and unless the form has received the Insurance Commissioner's approval in its specification of a number of requirements, including that of "the limits of liability."

It was held under the 1927 act (Laws 1927, *c.* 54) that a motor vehicle liability policy might be approved by the Commissioner if it excluded from the coverage "special uses calling for special rates." *Raymond* v. *Company*, 86 N. H. 93, 101; *Continental Casualty Co.* v. *Buxton*, 88 N. H. 447. In the former case an exclusion of coverage for passengers for hire was held permissible. In the latter case the clause of the policy excluding liability of a renter or driver of a car of the named insured for injuries to passengers was held not to be in conflict with the act. This case was followed by *Shelby &c. Casualty Co.* v. *Lynch*, 89 N. H. 510, in which a policy clause excluding injured employees of the named insured who were entitled to workman's compensation benefits was held valid.

In *United States Fidelity &c. Co.* v. *Snierson*, 91 N. H. 363, it was held that the 1937 act made no change from the 1927 act in respect to the scope of limits of liability.

In *Merchants Mutual &c. Co.* v. *Egan*, 91 N. H. 368, a clause limiting liability was held forbidden by the act, the court distinguishing it from the exclusions in issue in the *Raymond, Continental Casualty Co.* and *Shelby* cases, *supra*. The distinction was observed in *Continental Insurance Co.* v. *Charest*, 91 N. H. 378, 380, 381.

The exclusion clause here is similar to that in the *Shelby* case. It is of a "special classification of persons" (*Continental Insurance Co.* v. *Charest, supra*, 380), and it "does not deprive the general public of the protection afforded by the extension of indemnity" to a driver having the owner's consent. *Continental Casualty Co.* v. *Buxton, supra*, 449.

Whether the Insurance Commissioner approved the plaintiff's form of policy, does not appear. If he did, the plaintiff is entitled to judgment. If he did not, the exclusion clause is void. *Continental Casualty Co.* v. *Buxton, supra*, 449.

*Case discharged.*

All concurred.