Merrimack,
Dec. 7, 1943. } No. 3426.

MERCHANTS MUTUAL CASUALTY CO.

*v.*

MABEL C. MANZER & *a.*

*Murchie & Murchie (Mr. Alexander Murchie* orally), for the plaintiff.

*McLane, Davis & Carleton (Mr. Robert P. Bingham* orally), for defendant Howland.

*Thorp & Branch (Mr. Branch* orally), for defendant Manzer.

BURQUE, J.   In addition to the foregoing facts, it might be stated that Mrs. Howland after working for Mrs. Manzer in 1940, went south with Mrs. Manzer, in the latter's automobile, to spend the winter with Mrs. Manzer where the latter had a winter home. Mrs. Howland paid a small portion of the expenses both on the trip south and at the home during the winter.   There was no arrangement as to the defrayal of expense on the way back.   Mrs. Manzer was taking Mrs. Howland back with her with the understanding on the part of both that Mrs. Howland would work for Mrs. Manzer during the season of 1941, which was due to open May 1, provided Mrs. Howland did not find some more remunerative employment. Mrs. Howland was to stop in New Jersey on her way back, to visit for a couple of weeks, after which she would proceed by train or otherwise to Hooksett.

These facts are not disputed.   To say that under such an arrangement the relationship of employer and employee existed is to put an interpretation on same beyond all reasonable and justifiable stretch of imagination.   Conceding, as claimed by the petitioner, that the trip north and transportation afforded Mrs. Howland was in furtherance of Mrs. Manzer's business to be resumed May 1, it cannot be

said that in the absence of actual employment and remuneration for services rendered, any reasonable and fair-minded person would reach the conclusion that the relationship of employer and employee existed. The clause in the policy is to the effect that the policy did not cover "bodily injury to or death of any employee of the insured while engaged in the business, other than domestic employment, of the insured." The words "engaged in the business" are significant. Except for the fact that these two people were on their way back home, with an understanding that Mrs. Howland might work for Mrs. Manzer, as she had done the previous summer, and that Mrs. Manzer was to share at least the greater part, if not all of the expense of the trip, there is nothing from which employment may be found. No services were being rendered, no wages were being paid, the business had not been resumed and was not to be resumed for another month. There was no agreement that the payment of expense by Mrs. Manzer was to constitute pay. Add to this the fact that these two people were related by marriage, that the bulk of the expense on the trip south and the cost of .living in Florida were shouldered by Mrs. Manzer, and that Mrs. Howland was to stop in New Jersey to visit for two weeks, and proceed to Hooksett at her own expense, we have a situation where everything tends to refute and disprove rather than to establish and prove the existence of the relationship of employer and employee with the latter engaged in the business of the employer.

"Clause f [e], on which the plaintiff relies, is a contractual limit of liability (Laws 1937, c. 161, s. 16 [R. L., c. 122, s. 15]; *Shelby &c. Co. v. Lynch*, 89 N. H. 510) and, as such, is subject to the rules governing the interpretation of contracts. It is part of a printed policy drawn presumably by specialists in the law of insurance and addressed in the specific instance to laymen who the plaintiff must have known could not have been conversant with the technical meaning of many of its terms. The test to be applied is not what the insurance company intended the clause to mean but what a reasonable person in the position of the named insured would have understood it to mean. *Hoyt* v. *Insurance Co.*, [92 N. H. 242], and cases cited." *Standard Accident Insurance Co.* v. *Swift*, 92 N. H. 364, 367.

It is impossible for us to conceive for one moment that the petitioner can seriously contend and expect to be successful in its contention that in the instant case any layman could and should have construed the exclusion in the policy to mean that on the present state of facts the relationship of employer and employee, with the

latter engaged in the business of the employer, existed.   We certainly cannot subscribe to such a contention.

*Exception overruled.*

BRANCH, J., did not sit: the others concurred.