CARLO BIANCHI & COMPANY *v.* NEW HAMPSHIRE SAVINGS BANK.

*Maurice A. Broderick* (by brief and orally), for the plaintiff.

*Sulloway, Piper, Jones, Hollis & Godfrey* (*Mr. Piper* orally), for the defendant.

BLANDIN, J.   Much evidence was introduced through the bank president, subject to the plaintiff's exception, as to the intent of the defendant and its understanding of the agreement, both of which were undisclosed to the plaintiff at the time the agreement was made. Under these circumstances this testimony was inadmissible.   *Shelby &c. Co.* v. *Lynch*, 89 N. H. 510, 513; *Pettee* v. *Chapter*, 86 N. H. 419, 430, 431; *Stevens* v. *Insurance Co.*, 84 N. H. 275, 278; *McConnell* v. *Lamontagne*, 82 N. H. 423, 425; *Smart* v. *Huckins*, 82 N. H. 342.   It therefore appears that unless the agreement itself, in the light of such competent evidence as was before the court, must be held to mean what the defendant contends that the plaintiff's exceptions will be sustained.   Although the defendant does not categorically admit this to be so it does not seriously dispute it.

While the question of the final interpretation of a written instru-

ment is unquestionably for this court, nevertheless the finding of facts in the light of which the writing is to be construed is for the Trial Court and, only those facts found upon competent evidence or admitted by the parties can be considered here. *Pettee* v. *Chapter, supra.* It is apparent from the record that much incompetent evidence was received at the hearing and it is obvious that this may have substantially influenced the Trial Court's findings of fact. Without these findings it appears that there is not a sufficient basis for us to construe the writing. Considering only the letter and admitted facts, plausible arguments may be made for either side. The defendant contends that the bank would never make such a disadvantageous arrangement when it held two prior mortgages, and this is so improbable as a matter of law that the construction claimed by the bank is the only reasonable one and must be adopted. The plaintiff claims that an instrument must be construed most strongly against the party drawing it, in this case the defendant. *Furber* v. *Caverly*, 42 N. H. 74, 76; 17 C. J. S., Contracts, *s.* 324. It also points out that the defendant twice protected itself in the agreement, first with reference to blown down timber, and again, in the event that no money came into its hands, and could easily have done the same with reference to the foreclosure sale had the parties so intended. *Stevens* v. *Company, supra,* 278. The plaintiff can further point to the fact that the defendant's president in answer to a question of its own attorney stated that the bank felt it necessary to advance the money on the third mortgage to "salvage what you [the bank] had in it." This statement falling within the principles of *Harlow* v. *Leclair*, 82 N. H. 506, must be taken as true and furnishes a strong argument that the bank was sufficiently anxious for the arrangement to go through as to be willing to gamble on the $1,500, especially as it then appeared to involve little or no risk.

Considering the whole situation the fair thing to both parties seems to be to order a new trial at which all relevant facts can be found from competent testimony and the contract then construed in the light of these facts.

*New trial.*

DUNCAN, J., did not sit: the others concurred.