Nationwide v. P.K. Lindsay          CV-01-421-JM  07/30/03

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**


<u>Nationwide Indemnity Company</u>

   v.                                    Civil No. 01-421-JM
                                         Op. No. 2003 DNH 133
<u>P.K. Lindsay Company, Inc.</u>


**O R D E R**


    Plaintiff moves for partial summary judgment.  Defendant objects.  At issue is the validity and enforceability of reimbursement endorsements to two Completed Operations & Product Liability Policies.

<u>FACTS</u>

    Employers Insurance of Wausau issued these two late 1970's policies to defendant.  Document no. 22, Exhibit A.  Plaintiff has succeeded to Employer's interest under those policies.  <u>Id</u>. Each policy contained an identical "reimbursement endorsement" requiring defendant to reimburse up to $25,000 per occurrence for damages and expenses incurred.  Document no. 22, Exhibit B.  "For purposes of this litigation the Reimbursement Endorsement was not filed with the New Hampshire Insurance Commission."  Document no. 21, ¶ 3.  Claims and payments have been and continue to be made under both policies.  <u>Id</u>. at ¶ 4.  Defendant has been billed for

and made reimbursements pursuant to the "Reimbursement Endorsement" in the past.  Id. at ¶ 5.  The New Hampshire Insurance Commissioner has never taken any action on account of the non-filing of the Reimbursement Endorsement.  Id. at ¶ 8.

## Discussion

The primary issue raised by the motion for partial summary judgment is whether the Reimbursement Endorsements are valid and binding notwithstanding the fact that they were not filed with the New Hampshire Insurance Commissioner pursuant to N.H. Rev. Stat. Ann. § 412:1 et seq.

N.H. Rev. Stat. Ann. § 412:4 presently provides as follows:

> If any insurer shall issue any policy in violation of the provisions of this chapter, or any policy which it has been forbidden to issue by the commissioner under the provisions of this chapter, the commissioner may, upon hearing, suspend or revoke the insurer's certificate of authority or license for a period not to exceed 3 years, impose an administrative tine in lieu of such suspension or revocation, *declare the provisions of such policy to be null and void*, or take such other administrative action against the offending company as the commissioner, in the commissioner's discretion may determine.

RSA 412:4 (emphasis added).

The phrase "declare the provisions of such policy to be null

2

and void" was added by amendment effective July 30, 1985.  See History, RSA 412:4.

Unless the language of an amendment or surrounding circumstances express a contrary legislative intent there is a presumption that amendments to existing law, particularly those affecting contracts, apply prospectively.  Hayes v. LeBlanc, 114 N.H. 141, 144 (1974).  Here there is no language to suggest a retrospective application.  The added language, therefore, only applies prospectively.

Although the 1985 amendment does not apply retroactively the question remains whether the reimbursement is nevertheless unenforceable or null and void under the pre-1985 statute.  The First Circuit found "(t)hat there is nothing in the relevant statutes suggesting that an automatic nullification of a policy exclusion results from failure to obtain approval of a policy form as a whole."  Great Lakes Container Corporation v. National Union Fire Ins. Co., 727 F.2d 30, 32 (1st Cir. 1984).[1]  Defendant

_____

[1]New Hampshire's legislative history is frequently not recorded.  The one item found indicates that the legislature added the 1985 language because "(u)nder current law, an insurance company may issue a non-approved policy and the courts held that even though the policy is issued contrary to law, the objection (sic) of provisions of the policy is still enforceable against the insured."  N.H.S. Jour. 1234 (N.H. 1998).

argues, however, that while under the pre-1985 statute a failure to file the whole policy may not make an exclusion null and void, a different result is reached where the policy has been filed and approved but the exclusion has not.

Defendant does not identify any language in the pre-1985 statute in support of its argument but relies upon the distinctions made in Great Lakes by the First Circuit. There the court found inapposite New Hampshire cases cited by Great Lakes because "(t)hey construe different statutes and merely void changes in policy language or interpretation where the basic form was already approved." Id.

The New Hampshire cases involving motor vehicle policies approved with exclusions that were not approved include Continental Cas. Co. v. Buxton, 88 N.H. 447 (1937); American Employers Ins. Co. v. Worden, 92 N.H. 249 (1942) and Raymond v. Great American Indemnity Co., 86 N.H. 93 (1933). A close reading of these cases makes it clear that the unapproved policies and/or exclusions were null and void because only approved policies and exclusions could exclude coverage otherwise statutorily mandated. American Employers, 92 N.H. at 417; Raymond, 86 N.H. at 717; and Continental Cas., 88 N.H. at 447. In this case the exclusion

4

does not conflict with a substantive mandated provision of the act.  These cases are inapposite.

Defendant cites and briefly argues that <u>Trombly v. Blue Cross/Blue Shield</u>, 120 N.H. 764, 767 (1980).  That case holds that a unilateral change in the <u>interpretation</u> of a policy of health insurance which has not been approved will not be recognized.  The First Circuit distinguished the case on the basis of the unilateral change.  <u>Great Lakes</u>, 727 F.2d at 32. The holding in <u>Trombly</u> is based upon contract law, not a provision in a statute making a policy null and void for non-approval.

The court stated that:

> As with any insurance contract, the coverage of the policy may be modified by rider or endorsement . . . .  Modification of the terms of the policy is governed by the rules applicable to contracts generally . . . which means that modification must be by mutual agreement.

<u>Trombly</u>, 120 N.H. at 766-767. (citations omitted).

The non-approval of the endorsement does not automatically make it null and void under the pre-1985 statute and the insurance commissioner has not exercised his discretion to void it.  The question under <u>Trombly</u> principles then is whether it

5

ever became a part of the contract by mutual agreement.  If defendant did not agree the endorsement did not become part of the agreement and vice versa.

A meeting of the minds "is judged by what the parties say or do, by their overt acts, by what they gave each other to understand . . ." Maloney v. Boston Development Corp., 98 N.H. 78, 81 (1953).  A party may accept a contract by performance. See Tsiatsios v. Tsiatsios, 140 N.H. 173, 178 (1995).  It is admitted that claims have been made against and payments made on behalf of defendant under the policies.  Document no. 4, Answer, ¶ 10; Document no. 23, Verber Aff., ¶ 4.  Premiums reflecting the policy with endorsements have been billed and paid.  Verber Aff., ¶ 3.  "In the past, defendant was billed for and paid amounts pursuant to this Reimbursement Endorsement." Id. at ¶ 5.  These three key facts are unrefuted and are sufficient to demonstrate both consideration and acceptance.

Plaintiff's motion for partial summary judgment is granted. The policies with the Reimbursement Endorsements are not automatically null and void and constitute a contract which

defendant has accepted.[2]  The Clerk is requested to schedule the

matter of damages for trial.

     **SO ORDERED.**

                             _____

                             James R. Muirhead
                             United States Magistrate Judge

Date: July 30, 2003

cc:   Douglas L. Ingersoll, Esq.
      Robert R. Lucic, Esq.

---

[2]Although defendant references a statute of limitations bar the record is wholly inadequate for any determination.  Document no. 13, p.4.