WESTERN CASUALTY & SURETY COMPANY *v.* INDEPENDENT ICE COMPANY.

4-3809

Opinion delivered April 1, 1935.

*A. L. Burford* and *B. E. Carter,* for appellant.

*Arnold & Arnold,* for appellee.

HUMPHREYS, J.   This suit was brought in the circuit court of Miller County by appellee against appellant on an indemnity insurance policy issued by said appellant to it to recover the amount of a judgment and costs obtained against it and L. C. Johnson by A. J. Anthony for himself and the benefit of his minor son in said court

on the 4th day of June, 1934, together with an attorney's fee of $500 expended in defending the Anthony suit, on account of bodily injuries suffered by the minor, alleged to have been caused by an automobile described in the policy, which was in use for commercial purposes by appellee and L. C. Johnson when the injuries were received. The automobile insurance policy, made the basis of this suit, insured appellee against loss from liability imposed by law upon the assured by reason of the ownership of or maintenance or use of any of the automobiles described therein, for bodily injuries received by any person (not excepted) as the result of an accident caused by said automobiles. The truck alleged to have caused the injury to said minor was described in the policy as the "L. C. Johnson, 1931, Chevrolet 1½-ton truck," and, on the day the child received his bodily injuries, L. C. Johnson was engaged in delivering ice purchased from appellee and sold by him to customers on a regular route in the State of Texas, running out of Texarkana toward Shreveport.

The suit in the Anthony case against appellee and L. C. Johnson was brought for $30,000, and the final judgment rendered therein was for $500 and costs.

The judgment therein was set out and made a part of the complaint in the instant case. The judgment contains a recital that the case was tried upon the pleadings and the oral evidence adduced therein.

It was also alleged in the complaint in the instant case that the appellant's attorney defended the Anthony case for appellee until after Anthony's attorney filed a substituted amended complaint; that, during the time said attorney represented appellee in the Anthony case, he filed a motion for a cost bond and a demurrer, and took statements of practically all the witnesses in the case. When appellee employed Arnold & Arnold to defend the Anthony suit for it, appellant's attorney sent them all the data in his files pertaining to said suit without any explanation, so far as the record shows, as to why he was withdrawing from the case. The complaint in the instant case also set out and made the complaint in the Anthony case a part thereof.

686

It was alleged in the Anthony suit that L. C. Johnson, while acting within the scope of his authority, invited the child, a minor six years of age, to accompany him on his route; that the child did so, and rode in said truck for approximately one mile; that Johnson turned around and proceeded north in the direction from whence he came to a point on the much traveled highway, across the road and opposite the child's home and stopped the truck so the child might alight and cross the road to his home; that, under his direction, the child got out and ran across the highway; that, in doing so, a rapidly moving car coming from the north and being operated by one Moore ran over and seriously injured it; that the point at which the child was allowed and directed to alight and run across the highway was a place of great danger on account of being a much traveled thoroughfare, which danger could not be appreciated by a child of that age.

Appellant contends for a reversal of the judgment because, according to the undisputed evidence, the truck alleged to have caused the injury was owned by L. C. Johnson and not by appellee. This can make no difference because appellee was the one assured in the policy, and the only one indemnified therein for injuries resulting to third persons by automobiles described in the policy. The truck alleged to have caused the injury was particularly described in the policy, and was in use for commercial business of appellee and L. C. Johnson on the day of the injury.

Appellant also contends for a reversal of the judgment because the truck was standing still, and did not strike the child, and that therefore no liability was imposed by the law on appellee. It was alleged in the Anthony complaint that the injuries to the child occurred in the State of Texas, and the undisputed proof shows this to be true. The gravamen of the complaint in the Anthony case was the alleged negligence on the part of appellee and its employee, L. C. Johnson, acting within the scope of his authority, in taking a child six years of age and without sufficient knowledge and discretion to save himself from bodily injury into the truck, and debarking him therefrom in a place of danger, where it was

hit and injured by a passing motorist. The question of liability must be governed by the law of Texas, and under the law of that State, in the case of *Texas Company* v. *Blackstock,* Court of Civil Appeals of Texas, 21 S. W. (2d) 13, the Texas Company was held liable for the act of its truck driver, under facts similar to the case at bar. Under the rule announced in the case of *Texas Company* v. *Blackstock, supra,* the truck in the instant case was in commercial use at the time of the accident, and comes clearly within the provisions of the indemnity policy insuring appellee against "loss from liability imposed by law upon the assured * * * by reason of the use of any of the automobiles described therein for commercial purposes."

Moreover, appellant assumed the defense of the Anthony case, thereby admitting that the casualty was within the terms of the policy issued by it, and waived all defenses it might have had and cannot be heard to say that the policy did not cover the child's injuries.

It is also contended that the judgment allowing an attorney's fee of $500 should be reversed because the suit was compromised. The Anthony suit was for $30,000, and the judgment rendered therein recited that it was tried upon the pleadings and evidence adduced. There is nothing in the face of the judgment tending to show a compromise, so it cannot be collaterally attacked. Appellant agreed in the indemnity policy to defend the suit on behalf of the assured and to pay all the expenses incurred by the assured in any suit brought against it to enforce a claim covered by the policy. Appellant assumed this burden and defended the suit until Anthony filed an amended and substituted complaint, after which, appellant's attorney withdrew from the case and turned over his files to Arnold & Arnold, who were employed by appellee to defend the suit. It was defended by them to a very successful conclusion, as the Anthonys recovered only $500 for a very serious injury to the child. We think $500 a very reasonable fee for the services rendered.

No error appearing, the judgment is affirmed.