Hillsborough, }
June 27, 1935. }

AMERICAN MUTUAL LIABILITY INSURANCE COMPANY

*v.*

OCEAN ACCIDENT GUARANTEE CORPORATION, L'T'D.

Lucier & Dowd (*Mr. Lucier* orally), for the plaintiff.

*Demond, Woodworth, Sulloway, Piper & Jones* (*Mr. Franklin Hollis* orally), for the defendant.

MARBLE, J. The defendant contends that the indorsement-provision attached to the mutual policy to the effect that the insurance shall not be available to one who carries other collectible insurance

conflicts with the provisions of section 1 of Chapter 54 of the Laws of 1927 which provides that a "Motor Vehicle Liability Policy" in order to conform to the requirements of that act must cover the insured and any person responsible for the operation of the insured's motor vehicle with his express or implied consent. It is claimed that the terms of this statute were made a part of the insurance contract between the plaintiff and the Murray company, since the policy contained the special provision that "If any of the Agreements, Conditions or Declarations of this Policy are at variance with any special statutory provision in force in the state within which coverage is granted, such specific statutory provision shall supersede any such Agreement, Condition or Declaration of this Policy inconsistent therewith."

The act of 1927 does not compel the owner of an automobile to carry liability insurance. *Sauriolle* v. *O'Gorman*, 86 N. H. 39, 45. The same legislature which passed that act rejected House Bill No. 309, which provided that no motor vehicle, with certain specified exceptions, should be registered unless the application therefor was accompanied by a certificate stating that the applicant had taken out insurance in a prescribed form and amount, or had executed a bond, or deposited cash or securities with the commissioner of motor vehicles. Journal N. H. Senate & House, 1927, *p.* 378.

The purpose of chapter 54 is simply to induce motor-vehicle operators to provide security to persons injured by their negligence. To attain this result the court is authorized on preliminary inquiry concerning an accident to order a defendant to furnish security, and if the defendant fails to obey the order, his license to operate and the registration of his car are forthwith suspended (*s.* 3). The security which the court is empowered to order may be in the form of "cash, bonds, stocks, or other evidences of indebtedness satisfactory to the court" (*s.* 10), and the court is required to accept as a sufficient compliance with any order for security, a certificate of an insurance company to the effect that the defendant carries a liability policy in the amount and form designated by the act or the certificate of a surety company that it has issued to the defendant a motor vehicle liability bond containing the requisite provisions (*s.* 4).

It is thus apparent that the sections of the act relating to the form and coverage of motor-vehicle liability policies have reference to those policies which entitle the insured to a certificate and cannot reasonably be interpreted to mean that every motor-vehicle liability policy issued in New Hampshire shall be subject to the provisions

of the act whether those provisions are contained in the policy or not. As stated by the trial court in *Sheldon* v. *Bennett*, 282 Mass. 240, 243, "The statute does not prohibit the operation of an automobile in New Hampshire not covered by a liability policy. It does not appear to prohibit the making in New Hampshire of a different form of liability policy. The statute simply provides that when an accident has happened in New Hampshire causing injuries to a plaintiff who appears to have a good case, the policy of liability insurance to be effective in avoiding the suspension of registration and license must be the exact sort of policy provided by the statute."

The "financial responsibility acts" of New York and Rhode Island have received a very similar interpretation. *Cohen* v. *Insurance Co.*, 233 App. Div. 340, *American Lumbermen's Cas. Co.* v. *Trask*, 238 App. Div. 668, affirmed 264 N. Y. 545; *Anderson* v. *Insurance Co.*, 50 R. I. 502, 505.

The question here presented was not raised in the case of *Raymond* v. *Insurance Co.*, 86 N. H. 93. The policy there considered is held on motion for rehearing not to be in conflict with the provisions of chapter 54. Argument on the motion was not invited, and it is assumed in the opinion without discussion that the act applies.

In accordance with the agreement of the parties the order is

*Judgment for the plaintiff for $1,055.67.*

All concurred.