SOPHIE RASINSKI, FRANK HALECKA AND ANNA HA-LECKA, PLAINTIFFS-APPELLANTS, v. THE METRO-POLITAN CASUALTY INSURANCE COMPANY OF NEW YORK, DEFENDANT-RESPONDENT.

Submitted October 30, 1936—Decided January 22, 1937.

For the appellant, *Edward Nugent* and *Eugene J. Kirk*.

For the respondent, *Mark Townsend* and *Thomas F. Doyle*.

The opinion of the court was delivered by

PARKER, J. The action is based on a policy of automobile accident insurance dated June 4th, 1930, issued by the defendant-respondent in favor of one Teofil Halecki (not to be confused with plaintiffs Halecka). Halecki, the assured, was driving the three plaintiffs in his car as invited guests, on October 7th, 1930, when there was an accident and the plaintiffs were injured. They sued Halecki in the Union County Common Pleas, and recovered judgment. The respondent company at first undertook to defend for its assured, but later withdrew on the ground of "failure of assured to co-operate." Execution being returned unsatisfied, claim was made on the respondent insurer, and repudiated by it, and the present suit followed. The first count of the complaint is generally under the policy; the second, that the "Financial Responsibility act" of 1929 (*Pamph. L., p. 195*) was applicable, because Halecki, the driver of the car, had previously been in a motor accident involving property damage to the other party of over $100, and so within the purview of section 1 of that act, and the "absolute liability" clause of section 10 (a). The company in its answer denied the applicability of the act; and set up the defense of "lack of co-operation" by Halecki its insured. A motion to strike out the answer was denied, and this denial is alleged for error; but as the only grounds appearing in the case as supporting the motion are the general ones that the defenses were "insufficient in law, sham, and frivolous," and there is nothing to show in what respect they were obnoxious to such criticism, we find nothing to review in that regard.

There were two principal questions for determination at the trial, one of law and one of fact. The fact question was whether the insured had indeed been involved in an accident causing a loss of more than a hundred dollars. The second was whether, assuming that the insured had not been involved in such an accident, nevertheless the act of the company in attaching to the policy a rider embracing this language was to be construed as voluntarily creating the same situation as if there had been such an accident, viz., a situation in which

the company could not make the defense usual in a case where the Financial Responsibility law did not operate.

On the second point the court held, and so charged the jury, that the absolute clause would not operate unless in fact the assured had sustained such an accident; and on the rather hotly contested question of fact he left it to the jury to say whether or not the plaintiff had shown the occurrence of such an accident. The jury evidently found to the contrary, and brought in a verdict for the defendant; and the plaintiff appealed.

As to the question whether in fact there had been such an accident, the evidence was voluminous but inconclusive. It was testified that the plaintiff had had an accident in 1927, two years before the law went into effect; but the real point of the dispute was whether the damage caused by that accident had amounted to over a hundred dollars. As already noted, the judge left this question to the jury, and we think properly. In view of the verdict, it is unnecessary to decide the question whether the act should be construed as applying only to accidents occurring after its passage, as the jury must have found that the previous accident in 1927 did not cause a damage of over a hundred dollars, and hence that it was not necessary for the assured to have a policy governed by the provisions of the Financial Responsibility act. Then in regard to the rider the court held that it should be considered as only conditional on the existence of such a situation, and consequently unless that situation existed, the rider had no force. We think this ruling was correct, particularly in view of the language of the policy preliminary to the reproduction of clause (a), which reads as follows: "The policy to which this endorsement is attached is amended to conform with the requirements of chapter 116, laws of 1929 of the State of New Jersey, and all laws amendatory thereof or supplementary thereto which may be or become effective while this policy is in force, as respects any liability for bodily injury or death or liability for property damage covered by this policy, but only to the extent of the coverage and the limits of liability required by said chapter and only with respect to the motor vehicles disclosed in the policy.

"It is further agreed that to the extent of the coverage required by said chapter and within the limits stated in said chapter, this policy is subject to the following provisions contained in said chapter," &c. This was properly construed to mean that if the conditions specified in section 1 of the 1929 act obtain in the particular case, then the absolute liability also exists, but if they do not so obtain, the ordinary language of the policy without the rider is to apply.

On the defense of failure and refusal of the assured to co-operate, there was little dispute on the facts, and the court correctly charged, in substance, that unless the insured had had a previous accident doing damage of over $100 to the other party, it was the duty of insured to co-operate, and if he failed to do so, the company was absolved from liability. There was adequate evidence of such failure; and the verdict indicates that the jury found both the failure, and that the prior accident, if it happened, did not cause loss over the statutory amount.

There are several other points which may readily be disposed of.

1. There was a rule to show cause granted to the plaintiff, but afterwards withdrawn. It is not claimed by respondent that this action amounts to a waiver of the right of appeal.

2. The second point is that there was error in denying the plaintiff's motion to strike the answer. As we have said, there is nothing in the case to show on what grounds the answer was to be considered as either sham or frivolous.

3. The third point is that "under the doctrine of *stare decisis,* the liability of the company on its policy is absolute, by virtue of *Steliga* v. *Metropolitan Casualty Insurance Co.,* 113 *N. J. L.* 101; 114 *Id.* 156. To this the respondent properly replies that there is no ground of appeal to cover the point. We may add that in the case cited there had been a prior accident causing loss of over $100.

Point IV is that "statements made by a witness out of court are inadmissible as hearsay evidence." A sufficient answer is that touching the testimony now challenged, no such objection was made in the trial court.

Point V reads thus: "A carbon copy of a letter is not admissible in evidence unless it is properly qualified by proof that it was written, properly addressed and mailed." We do not find this objection in the case. In the transcript it seems to be that the letter contains self-serving declarations, and that objection is not now argued.

Point IV is that as the company undertook to attach the financial responsibility clause, it had voluntarily assumed liability irrespective of a lack of co-operation or any other reason for refusing to defend under the ordinary policy. This has already been considered.

The other points are sufficiently covered by what has been said above.

We conclude that the judgment should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, CASE, BODINE, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ. 14.

*For reversal*—None.