AETNA CASUALTY & SURETY CO. *v.* SIMPSON.

5-1305                                      306 S. W. 2d 117

Opinion delivered October 28, 1957.

158

*Armstrong, McCadden, Allen, Braden & Goodman,* Memphis, Tenn.; *Barrett, Wheatley, Smith & Deacon; Mehaffy, Smith & Williams; John T. Williams & Robert V. Light,* for appellant.

*Rieves & Smith* and *Henry S. Wilson* for appellees; *Pope, Pratt & Shamburger, amici curiae.*

SAM ROBINSON, Associate Justice.   The appellees, Mary Simpson, Dorothy Lagos, and Gary Lagos, a minor, by his next friend, Dorothy Lagos, obtained small judgments against James E. Knight, Jr., for damages sustained by appellees when involved in an automobile collision.   An automobile occupied by appellees had collided with an automobile owned by James E. Knight, Jr. and operated by James E. Knight, Sr.   The judgments against James E. Knight, Jr. were not satisfied, and in an attempt to enforce the judgments, appellees filed this suit against the appellant herein, The Aetna Casualty & Surety Company, the carrier of James E. Knight, Jr.'s liability insurance.   The appellant insurance company filed an answer alleging:

"Defendant for further answer avers that its insurance policy referred to in the complaint and exhibited thereto provides under the heading 'CONDITIONS,' as follows:

" '9. *Assistance and Cooperation of the Insured Coverages A, B and D*

" 'The insured shall cooperate with the Company and, upon the Company's request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits. The insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for such immediate medical and surgical relief to others as shall be imperative at the time of accident.

" ' * * *

" '11. Action Against Company Coverages A, B and D

" 'No action shall lie against the Company unless, as a condition precedent thereto, the Insured shall have fully complied with all the terms of this policy, nor until the amount of the Insured's obligation to pay shall have been finally determined either by judgment against the Insured after actual trial or by written agreement of the Insured, the claimant and the Company.'

"For further answer defendant avers that its insured, James E. Knight, Jr., as well as James E. Knight, Sr., breached the above conditions. Immediately following said accident giving rise to the complaint in said cause No. 5471, defendant undertook to investigate said accident, including the facts and circumstances under which the automobile in question was being used at the time of the accident. In the course of this investigation, James E. Knight, Jr. and James E. Knight, Sr. made deliberate, false and highly material representations of fact concerning the use to which the insured automobile was being put at the time of the accident. These false state-

ments of fact were also made to representatives of plaintiffs with the intention on the part of James E. Knight, Jr. and James E. Knight, Sr. of aiding plaintiffs in procuring a settlement or recovery from defendant and with the further intention of providing coverage for James E. Knight, Sr. under the Omnibus provision of said policy.

"Upon defendant's discovery of the above false and deliberate representations of fact, it immediately gave notice to James E. Knight, Jr. that further defense would be provided under full reservation of rights and without waiver of any of the rights of the defendant under the provisions of said policy. Also upon the discovery of said false representations, defendant gave immediate notice to James E. Knight, Sr. that no coverage or defense would be provided him under the terms of said policy.

"Therefore, defendant avers that James E. Knight, Jr. and James E. Knight, Sr. breached the conditions of said policy, as above set out, and that defendant was greatly prejudiced thereby, and that under the terms and provisions of said policy the defendant was not obligated to pay any judgments rendered against either James E. Knight, Jr. or James E. Knight, Sr., and, therefore, defendant is not liable to the plaintiffs in this cause."

The appellees, plaintiffs in circuit court, demurred to the answer. The trial court sustained the demurrer. The appellant, defendant in circuit court, stood on the answer and refused to plead further. Whereupon, the court entered judgments for the plaintiffs. The defendant insurance company has appealed.

It is appellant's contention that the answer states a valid defense; that neither the statutes nor the policy of insurance makes the insurance company liable as a matter of law when the facts alleged in the answer are assumed to be true, as they must be in testing the demurrer.

Act No. 347 of the 1953 Acts of the General Assembly is the "Motor Vehicle Safety Responsibility Act." It appears in Arkansas Statutes as §§ 75-1401 to 75-1493, inclusive. Appellees rely on Section 75-1466, which is paragraph (f) (1) of Section 66 of the Act. It provides:

"The liability of the insurance carrier with respect to the insurance *required by this act* [our italics] (§ 75-1401-§ 75-1493) shall become absolute whenever injury or damage covered by said motor-vehicle liability (policy) occurs; said policy may not be cancelled or annulled as to such liability by any agreement between the insurance carrier and the insured after the occurrence of the injury or damage; no statement made by the insured or on his behalf and no violation of said policy shall defeat or void said policy."

Appellees also rely on Item 5 of the policy. It provides:

"Such insurance as is afforded by this policy for bodily injury liability or property damage liability with respect to any automobile owned by the named Insured *shall comply with the provisions of the motor vehicle financial responsibility law of any state or province which shall be applicable with respect to any such liability arising out of the ownership, maintenance or use of the automobile during the policy period, to the extent of the coverage and limits of liability required by such law,* but in no event in excess of the limits of liability stated in this policy. The Insured agrees to reimburse the Company for any payment made by the Company which it would not have been obligated to make under the terms of this policy except for the agreement contained in this paragraph." [our italics]

The appellees maintain that the statute when considered in connection with the provisions of the policy precludes the insurance company from asserting a defense of non-cooperation on the part of the insured.

There is no Arkansas statute which required Knight, the insured, to carry insurance prior to the collision. The Arkansas financial responsibility law is applicable only after a mishap has occurred. It is then that an automobile owner or operator must establish his financial responsibility. The Financial Responsibility Act is rather long, containing 95 sections, but it is clear that the Act does not apply to an owner or driver who has not been

involved in an accident for which he may be liable in damages.

Section 24 of the Act provides:

"The provisions of this act, requiring deposit of security and suspensions for failure to deposit security, subject to certain exemptions, shall apply to the driver and owner of any vehicle of a type subject to registration under the motor-vehicle laws of this State which is in any manner involved in an accident within this State, which accident has resulted in bodily injury to or death of any person or damage to the property of any one person in excess of $100."

"SECTION 43. Application of Article V. The provisions of this act requiring the deposit of proof of financial responsibility for the future, subject to certain exemptions, shall apply with respect to persons who have been convicted of or forfeited bail for certain offenses under motor-vehicle laws or who have failed to pay judgments upon causes of action arising out of ownership, maintenance or use of vehicles of a type subject to registration under the laws of this State."

Section 63 is as follows:

"Certificate of insurance as proof. **Proof of financial** responsibility for the future may be furnished by filing with the department the written certificate of any insurance carrier duly authorized to do business in this State certifying that there is in effect a motor-vehicle liability policy for the benefit of the person required to furnish proof of financial responsibility. Such certificate shall give the effective date of such motor-vehicle liability policy, *which date shall be the same as the effective date of the certificate* [our italics], and shall designate by explicit description or by appropriate reference all vehicles covered thereby, unless the policy is issued to a person who is not the owner of a motor vehicle."

If a person becomes subject to the provisions of the Act as provided by Section 43, on account of his failure

to satisfy a judgment, as in the case at bar, then he must furnish proof of "financial responsibility." One method of doing this is set out in Section 63 of the Act. It provides for filing with the Department of Revenues a written certificate of an insurance carrier certifying that there is a policy of insurance in effect for the benefit of the person required to furnish proof of financial responsibility.

Section 66, par. (a) of the Act provides:

" 'Motor-vehicle liability policy' defined.

"a. Certification. A 'motor-vehicle liability policy' as said term is used in this act shall mean an 'owner's policy' or an 'operator's policy' of liability insurance, certified as provided in Section 63 or Section 64 as proof of financial responsibility for the future, and issued, except as otherwise provided in Section 64, by an insurance carrier duly authorized to transact business in this State, to or for the benefit of the person named therein as insured."

Paragraph (f) (1) of Section 66 applies only to insurance *required* by the Act, and it is explicit in that regard. This paragraph provides, further, that "no statement made by the insured or on his behalf and no violation of said policy shall defeat or void said policy." What policy? The same section and paragraph of the Act answers the question: *"The insurance required by this act."* The only insurance required by the Act is insurance to prove financial responsibility after an accident has occurred and the person involved has, therefore, come within the provisions of Section 43 of the Act, such as by the failure to satisfy a judgment.

The Arkansas financial responsibility law has no application whatever to an insurance policy which has not been used as proof of financial responsibility in the future. There is nothing in the pleadings in the case at bar to indicate that the policy had been used for that purpose at the time of the happening of the collision for which the policyholder was held liable in damages.

Item 5 of the policy, relied on by appellees, merely provides that the insurance afforded by the policy shall comply with the provisions of the financial responsibility law to the extent of the coverage and limits of liability. This means that after the insured has by his conduct brought himself within the purview of the Act, the policy shall comply with the Act. It does not mean that the policy must comply with the Act before the Act applies to the insured.

Many of the states have financial responsibility laws similar to ours, and the courts in a few of those states have rendered decisions supporting the contention made by appellees in the case at bar. *Continental Ins. Co.* v. *Charest,* 91 N. H. 378, 20 A. 2d 477; *Hartford Acc. & Ind. Co.* v. *Wolbarst,* 95 N. H. 40, 57 A. 2d 151; *New York Cas. Co.* v. *Lewellen,* 184 F. 2d 891. However, the New Hampshire case of *American Mut. Liab. Ins. Co.* v. *Ocean Acc. Guarantee Corp., Ltd.,* 87 N. H. 374, 180 A. 249, is not in harmony with the two above mentioned New Hampshire cases.

But the weight of authority is in accord with *McCann* v. *Continental Cas. Co.,* 6 Ill. App. 2d 527, 128 N. E. 2d 624, where the court said:

"* * * The provisions of the Financial Responsibility Act of Illinois are not applicable unless the insured has by his previous conduct brought himself within its purview. There was no evidence in the record that the insured had had a previous accident or that there was any unsatisfied judgment growing out of an accident against him, nor is there any contention that in any way by his previous conduct the insured came within the scope of the Act. Only if his prior conduct had been such that he was required to make proof of financial responsibility under the Act would the provisions contained in paragraph 58k have been of necessity, under clause 8 of the policy, incorporated therein.

"* * *

"* * * The conclusion which we have reached is sustained, not only by reason, but by overwhelming

authority. *Farm Bureau Mut. Auto. Ins. Co.* v. *Georgiana,* 14 N. J. Super. 459, 82 A. 2d 217; *Ocean Accident & Guarantee Corp.* v. *Peerless Cleaning & Dyeing Works,* 162 A. 894, 10 N. J. Misc. 1185; *Rasinski* v. *Metropolitan Casualty Ins. Co.,* 117 N. J. L. 490, 189 A. 373; *Hill* v. *Standard Mut. Casualty Co.,* 7 Cir., 110 F. 2d 1001; *State Farm Mut. Auto. Ins. Co.* v. *Arghyris,* 189 Va. 913, 55 S. E. 2d 16; *Farm Bureau Mut. Auto. Ins. Co.* v. *Hammer,* 4 Cir., 177 F. 2d 793; *Sutton* v. *Hawkeye Casualty Co.,* 6 Cir., 138 F. 2d 781; *Cohen* v. *Metropolitan Casualty Ins. Co.,* 252 N. Y. S. 841; *State Compensation Ins. Fund* v. *Bankers Indem. Ins. Co.,* 9 Cir., 106 F. 2d 368; *American Mut. Liability Ins. Co.* v. *Ocean Accident Guar. Corp.,* 87 N. H. 374, 180 A. 249; *Anderson* v. *American Automobile Ins. Co.,* 50 R. I. 502, 149 A. 797; *Travelers Ins. Co.* v. *Boyd,* 312 Ky. 527, 228 S. W. 2d 421.''

Appellees make the further point that the appellant insurance company is estopped to assert a breach by the insured of the contract of insurance because the insurance company defended the insured in the action against him. The answer alleges:

''Upon defendant's discovery of the above false and deliberate representations of fact, it immediately gave notice to James E. Knight, Jr. that further defense would be provided under full reservation of rights and without waiver of any of the rights of the defendant under the provisions of said policy. *  *  *''

It is appellees' contention that the insurance company is liable as a matter of law, notwithstanding the reservation of rights as set out in the answer. In support of this contention appellees cite *Spann* v. *Commercial Std. Ins. Co., of Dallas, Texas,* 82 F. 2d 593, but the facts in that case are easily distinguished from the allegations in the answer in the case at bar. In the Spann case the question was whether there had been a cancellation of the policy subsequent to the happening of the accident. The court held that such a cancellation would not affect the rights of the injured party. Here, the answer alleges that under the terms of the policy it was

the duty of the insured to cooperate with the insurance company, but instead of giving such cooperation the insured fraudulently represented the facts. The complaint alleges that the insurance company proceeded with the defense of the case only after giving the insured notice that no rights under the policy were waived.

Appellees cite, also, *Western Casualty & Surety Co.* v. *Independent Ice Co.,* 190 Ark. 684, 80 S. W. 2d 626. There, it appears that the insurance company defended the original suit against the ice company without any reservations whatever. Appellees rely, also, on *Francis* v. *London Guarantee & Acc. Co.,* 100 Vt. 425, 138 A. 780, and *Moses* v. *Ferrel & Indemnity Co. of America,* 97 Pa. Super. 13. These cases appear to be in point and sustain appellees' contention.

The great weight of authority, however, sustains the contention of appellant and we believe it is the better rule. It is stated in 29 Am. Jur. 673, as follows:

"No estoppel arises against a liability insurer where, although defending a suit against the insured, it insists on its non-liability under the policy, and its defense of the suit is merely to protect itself and comply with its agreement."

There is a long annotation on the subject in 38 A. L. R. 2d 1148. There, at page 1161, it is said:

"As noted in the original annotation, [81 A. L. R. 1382] it is a well-established rule that a liability insurer will not be estopped to set up the defense that the insured's loss was not covered by the insurance policy, notwithstanding the insurer's participation in the defense of an action against the insured, if the insurer gives timely notice to the insured that it has not waived the benefit of its defense under the policy. Support for this principle is to be found in the following cases: * * *" Numerous cases from the U. S. courts and 27 states are cited in support of the text.

Appellant contends that Arkansas Statute § 66-514, providing for the payment of attorneys' fees, does not apply in this case because a Tennessee contract is in-

volved, although it matured in Arkansas. Notwithstanding the policy of insurance is a Tennessee contract, procedural matters must be in accord with the Arkansas statutes. The statute provides that attorneys' fees shall be taxed as part of the costs. Where the policy matured in Arkansas and the action is brought in Arkansas, the Arkansas statute providing for attorneys' fees and penalties applies. *John Hancock Mut. Life Ins. Co.* v. *Ramey*, 200 Ark. 635, 140 S. W. 2d 701; *Watson* v. *Employers Liability Assur. Corp.*, 348 U. S. 66, 99 L. Ed. 74, 75 S. Ct. 166; *U. S.* v. *H. R. Henderson & Co.*, 126 F. Supp. 626.

Our conclusion is that the answer is good as against the demurrer. The case is, therefore, reversed and remanded.

MILLWEE, J., dissents.