Marla RAMEY *v.* STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and Allstate Insurance Company

CA 95-696                                                924 S.W.2d 835

Court of Appeals of Arkansas
En Banc
Opinion delivered July 3, 1996

*Blackman Law Firm*, by: *Keith Blackman*, for appellant.

*Barrett & Deacon*, by: *Paul D. Waddell* and *D. P. Marshall, Jr.*, for appellee Allstate Ins. Co.

*Laser, Wilson, Bufford & Watts, P.A.*, by: *Sam Laser* and *Brian Allen Brown*, for appellee State Farm Mut. Automobile Ins. Co.

JAMES R. COOPER, Judge. The appellant, Marla Ramey, was injured when her automobile collided with a vehicle driven by Ricky Wooten. Mr. Wooten's insurer, Allstate, contacted the appellant and negotiated a settlement of her property damage claim, but no settlement was reached concerning her personal injury claim. Subsequently, the appellant sued Mr. Wooten. Neither the appellant nor Mr. Wooten notified Allstate that a suit had been filed. Mr. Wooten failed to answer or appear, and a default judgment in the amount of $50,000 was entered for the appellant. Allstate was subsequently contacted but refused to pay the judgment amount because Mr. Wooten had failed to provide it with notice that a suit had been filed. The appellant then requested payment under the uninsured motorist provision of her own insurance policy with the appellee State Farm, but State Farm refused payment on the ground that Mr. Wooten was not an uninsured motorist by virtue of his coverage with Allstate.

The appellant sued State Farm, alleging that Mr. Wooten was uninsured within the meaning of her uninsured motorist policy with State Farm. She subsequently amended her complaint to include Allstate as an additional defendant under the theory that the appellant was a third-party beneficiary of Mr. Wooten's policy with Allstate. State Farm and Allstate filed reciprocal motions for summary judgment. The trial court concluded that Allstate was liable to the appellant because it had knowledge of the appellant's claim against its insured and, on that basis, dismissed the complaint against State Farm. The appellant went to trial against Allstate and, at the conclusion of the evidence, Allstate moved for a directed verdict on the same grounds previously rejected by the trial court in the context of its motion for summary judgment, i.e., that it was not liable because its insured failed to comply with the policy provision requiring him to inform the insurer that suit had been filed. At this point, the trial court granted the motion, leaving the appellant with no recovery from either insurer. From that decision comes this

appeal.

For reversal, the appellant contends that the trial court erred in dismissing State Farm from the action; granting Allstate's motion for a directed verdict; refusing to allow her to present rebuttal evidence regarding her injuries; allowing the adjuster to testify concerning the policy terms; and allowing the adjuster to testify on the basis of documents not maintained by her.

■ We first address the appellant's contention that the trial court erred in granting Allstate's motion for a directed verdict because we find it to be dispositive. We find no merit in the appellant's argument that Allstate's coverage became absolute upon the occurrence of an accident under Ark. Code Ann. § 27-19-713(f)(1) (Repl. 1994). That statutory section is part of the Motor Vehicle Safety Responsibility Act, which has no applicability to an insurance policy where, as here, the pleadings fail to indicate that the policy in question had been used as proof of financial responsibility at the time the accident occurred. *See Aetna Cas. & Sur. Co.* v. *Simpson*, 228 Ark. 157, 306 S.W.2d 117 (1957).

■ Nor do we agree with the appellant's argument that the trial court erred in granting a directed verdict in favor of Allstate because Allstate failed to present proof concerning the reason for Mr. Wooten's failure to give notice that a suit had been filed. This argument is based on *Shelter Mut. Ins. Co.* v. *Page*, 316 Ark. 623, 873 S.W.2d 534 (1994), which held that, where an insurer seeks to avoid liability based on a breach of the policy's cooperation clause resulting from the insured's failure to appear at trial, the insurer must show that it exercised due diligence to locate the insured or to find the reason for the insured's absence. However, the situation in *Page* is distinguishable from the case at bar because the insurer in *Page* knew that suit had been filed and in fact appeared at trial, whereas in the case at bar, Allstate was not present at trial and was notified of the suit only after a default judgment had been entered against its insured. Furthermore, the policy provision at issue in the case at bar was not the "cooperation" clause at issue in *Page*, but was instead a provision requiring the insured to immediately inform the insurer in the event that the insured is sued as the result of an auto accident. As a general rule, there can be no waiver of an insured's noncompliance with such a provision where the insurer does not have knowledge of all the material facts. *See generally*, 14 *Couch on Insurance 2d* § 51:204 *et seq.* (Rev. ed. 1982). In the case at bar it is undisputed

that Allstate was unaware that the suit was filed. The purpose of provisions requiring the insured to inform the insurer of suits filed is to afford the insurer the opportunity to defend on the merits of the case. *See M.F.A. Mut. Ins. Co.* v. *White*, 232 Ark. 28, 334 S.W.2d 686 (1960). Allstate was afforded no such opportunity, and we hold that the trial court did not err in granting Allstate's motion for a directed verdict.

■ Given our resolution of the foregoing issue, we conclude that the trial court erred in granting summary judgment in favor of State Farm. Summary judgment is appropriate only where there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. *Dickson* v. *Delhi Seed Co.*, 26 Ark. App. 83, 760 S.W.2d 382 (1988). Contrary to the trial court's conclusion based on its erroneous construction of the Allstate policy, there remained genuine issues of material fact as to whether Mr. Wooten was an uninsured motorist as defined in the State Farm policy. Consequently, we reverse on this point and remand for further consistent proceedings.

Insofar as the remaining points for reversal are all evidentiary issues relating to Allstate, they will not recur on retrial and we need not address them.[1]

Affirmed in part, reversed in part, and remanded.

JENNINGS, C.J., PITTMAN, and ROBBINS, JJ., agree on affirming as to Allstate.

MAYFIELD and STROUD, JJ., concur as to Allstate.

JENNINGS, C.J., PITTMAN, ROBBINS, and STROUD, JJ., agree to reverse and remand as to State Farm.

MAYFIELD, J., dissents as to State Farm.

---

[1] State Farm has moved to strike portions of Allstate's brief on the ground that they constitute a request for affirmative relief that is improper in the absence of a cross appeal by Allstate. Although we grant the motion, we note that the practical effect of our order is minimal because the appellant properly requested the identical relief sought by Allstate.